# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CALVIN E. BARNETT,        )
                                      )
               Plaintiff,     )
                                      )
v.                              )        **No. CIV 17-264-RAW-SPS**
                                      )
JOE M. ALLBAUGH, et al.,     )
                                      )
              Defendants.   )

## OPINION AND ORDER

       This action is before the Court on Defendants Joe M. Allbaugh, Terry Royal, and Jessica Smith's motion to dismiss Plaintiff's civil rights complaint (Dkt. 5). Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") is incarcerated at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at OSP. The defendants are Joe M. Allbaugh, DOC Director; Terry Royal, OSP Warden; Jessica Smith, OSP Law Library Supervisor; and Robert Raymer, McAlester Postmaster.[1]

       This action was filed in the District Court of Pittsburg County where Plaintiff alleged Defendant Smith interfered with his constitutional right of access to the courts. Despite a lack of service, on June 20, 2017, the state district court ordered Defendants to answer Plaintiff's petition by July 7, 2017. The action was removed to federal court on the deadline date. Plaintiff alleges his following constitutional rights, privileges, or immunities have been violated:

       Plaintiff has been Denied; Threaten; Deprived; Under the Color of Law; of the

---

[1] Mr. Raymer has not been served.

> Statue; Ordinance; Regulation; and Custom of the Bill of Rights; of his Life;
> Liberty; as the "First;" "Fifth;" "Eighth;" and the "Fourteenth Amendment
> Rights;" of the United States Constitution; By the Defendants.

(Dkt. 2-2 at 2) (errors in original).  He sets forth the following facts to support the above
allegations:

> Defendants are Not in Title to Qualified Immunity; Qualified Immunity
> Cannot be based on a Public Officials Subjective Good faith.  Rather Qualified
> Immunity Turn's On the Objectie Reasonablenes of an Official's Conduct ...

*Id.* (errors in original).

Defendants have moved for dismissal under Fed. R. Civ. P. 12(b)(6).  In assessing a

motion to dismiss, the Court must accept the factual allegations as true and consider them in

the light most favorable to Plaintiff.  *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285-86

(10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert.*

*denied*, 565 U.S. 1201 (2012).  A request for dismissal pursuant to Rule 12(b)(6) requires the

Court to determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's

pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), it need not assume the role of advocate

for Plaintiff, and he must present more than conclusory allegations to survive a motion to

dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[C]onclusory allegations without supporting factual averments are insufficient to state a

claim upon which relief can be based."  *Id.* (citing cases).  "[A] pro se plaintiff requires no

special legal training to recount the facts surrounding his alleged injury, and he must provide

such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the Court turns to the merits of Defendants' motion.

Plaintiff alleges in his complaint that Defendant Jessica Smith delayed his "legal copies to the courts." (Dkt. 2-2 at 3). As far as the other DOC defendants, Plaintiff claims Director Allbaugh "took over as the New Director of D.O.C. so therefore, he is responsible for any Good; or Bad that take place in the Prisons of Oklahoma State Penitentiary." *Id.* at 1. Plaintiff alleges Warden Royal "took over as the New Warden of D.O.C. so therefore he is responsible for the Care; Health; and Safety; of all Offenders, and Plaintiff, at the Oklahoma State Penitentiary." *Id.* at 2.

Plaintiff presents the following allegations against Postmaster Robert Raymer:

The Defendants Robert Raymer, had No Means of Protecting Plaintiff's State and Federal Created Rights." The Defendant Knew of the Unsound Practice that was Unconstitutional; and failed too Protect Plaintiff's Basic Fundamental Requirement of Due Process. Defendant was Negligent; and Bias on Part of Delaying Plaintiff Property from reaching it's Destination. Plaintiff has been Deprived of Rights; Privileges; and Immunities secured to him by the United States Constitution; within the State of Oklahoma; which amounted to Arbitrary intrusion by the Said defendant Conduct, and breach of Liberty; Life; and Property; Without Due Process of Law.

*Id.* at 3 (errors in original).

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Constitution, however, requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978). To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "[H]e must show that any denial or delay of access to the court

prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, Plaintiff has completely failed to plead any facts to support his claim that Defendant Smith interfered with his right of access to the courts. He has merely stated that unspecified legal documents were delayed on an unspecified date. The effect of the delay, if any, is not alleged. This is not sufficient to state a claim for denial of access to the courts.

As for Defendants Allbaugh and Royal, the Court finds that construed liberally, Plaintiff is alleging their failure to supervise. Plaintiff, however, has failed to provide any facts concerning how they were deficient and how Plaintiff's rights were violated as a result.

"[A] supervisor is not liable under § 1983 for the actions of a subordinate unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise." *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. Apr. 18, 2008) (citing *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996)). Supervisory liability will lie only "where an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (internal quotation marks omitted). The Court finds Plaintiff has not stated a claim against Defendants Allbaugh and Royal.

Finally, the Court also finds Defendant Raymer must be dismissed from this action for Plaintiff's failure to state a claim against him. Plaintiff's claim against Rayner includes no factual allegations. Instead, Plaintiff has set forth only vague and conclusory statements that do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally

insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). Therefore, Defendant Raymer is dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for Plaintiff's failure to state a claim upon which relief may be granted. *See Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("[Section] 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee.").

**ACCORDINGLY,** Defendants Joe M. Allbaugh, Terry Royal, and Jessica Smith's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 5) is GRANTED, and Defendant Robert Raymer is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1). This dismissal of all defendants shall count as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 29th day of March 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma